J. J. GAVIN & CO., INC. (MARK CROSS CO.) *v.* UNITED STATES

No. 6353.—Invoices dated Walsall, England, August 23, 1941, etc.
Certified September 2, 1941, etc.
Entered at New York, N. Y., October 9, 1941, etc.
Entry No. 718462, etc.

(Decided September 18, 1946)

*Jordan & Klingaman (Edward F. Jordan* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise to which the importer on entry added 15 per centum to make dutiable value, in addition to the amounts added because of the advances by the appraiser in similar cases, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Insofar as the appeals relate to all other merchandise they are hereby dismissed.
Judgment will be rendered accordingly.

J. J. GAVIN & CO., INC., (MARK CROSS CO.) *v.* UNITED STATES

No. 6354.—Invoices dated Walsall, England, October 1942, etc.
Certified October 1942, etc.
Entered at New York, N. Y., November 21, 1942, etc.
Entry No. 712469, etc.

(Decided September 18, 1946)

*Jordan & Klingaman* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise to which the importer on entry added 15 per centum to make dutiable value, in addition to the amounts added because of the advances by the appraiser in similar cases, and that such values are the

appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

I further find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of all of the other merchandise involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

Ascot, Ltd., et al. *v.* United States

No. 6355.—Invoices dated London, England, October 1943, etc.
Certified October 1943, etc.
Entered at New York, N. Y., November 23, 1943, etc.
Entry No. 715339, etc.

(Decided September 18, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

Mollison, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

W. H. S. Lloyd Co., Inc. *v.* United States

No. 6356.—Invoices dated Perivale, Greenford, England,
September 15, 1941, etc.
Certified September 16, 1941, etc.
Entered at New York, N. Y., November 14, 1941, etc.
Entry No. 724630, etc.

(Decided September 19, 1946)

*Strauss & Hedges (Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

Kincheloe, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section